UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAHDIVISION
Case No. 5:25-cv-00009-BJB-LLK

**WILMA WALKER,**                                                                                                    **PLAINTIFF**

**v.**

**WALMART, INC.** *et al*,                                                                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters under 28 U.S.C. § 636(b)(1)(A). Text Order of January 31, 2025 [DN 7]. Before the Court is Defendants' Motion for Extension of Time to File Corporate Disclosure Statements. Motion for Extension [DN 14]. Plaintiff opposed the Motion for Extension via a Motion to Remand to Marshall Circuit Court based on Defendants' failure to timely disclose its members' citizenship. Motion to Remand [DN 17].[1] The Bunzl Defendants Responded to the Motion to Remand on February 26, Bunzl Response [DN 18], and the Walmart Defendants responded on March 6, Walmart Response [DN 23]. Plaintiff having filed no reply to either response, the matter is ripe for review. The undersigned Magistrate Judge **RECOMMENDS** that the Motion for Extension, [DN 14], be **GRANTED** and the Motion to Remand, [DN 17], be **DENIED**.

---

[1] The Court referred the Motion to Remand to Magistrate Judge King under 28 U.S.C. § 636(b)(1)(B). Text Order of April 17, 2025 [DN 25]. Because the Motion for Extension, [DN 14], is inextricably intertwined with the dispositive Motion to Remand, [DN 17], such that a ruling on the former would substantially resolve the latter, both Motions are addressed through this Report and Recommendation.

1

## ANALYSIS

Plaintiff argues that the Bunzl Defendants failed to meet their burden of showing complete diversity at the time they removed this case from the Marshall Circuit Court. Motion to Remand [DN 17] at 3 (citing *Rogers v. Walmart Stores, Inc.* 230 F.3d 868, 871 (6th Cir. 2000) ("The defendant removing a case has the burden of proving the diversity jurisdiction requirements.") Plaintiff also argues, but does not provide authority showing, that remand is the proper remedy for a party's failure to strictly comply with Rule 7.1, *see* Fed. R. Civ. P. 7.1. (requiring parties to file a "disclosure statement" in cases based on diversity jurisdiction. The disclosure "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor when the action is filed or removed to federal court."). The Bunzl Defendants responded with California decisions finding remand to be inappropriate in similar circumstances, Bunzl Response [DN 18] at 2 (citing *Dance Fitness Michigan, LLC v. AKT Franchise, LLC*, No. 823CV01643JVSJDEX, 2023 WL 7549894, at *4 (C.D. Cal. Nov. 13, 2023) (finding "remand is an inappropriate remedy" to deficient corporate disclosures in notice of removal).

The Defendants' Responses confirmed that any initial Rule 7.1 defect has been cured and that no subsequent disclosure would impact the Court's diversity jurisdiction. Bunzl Response [DN 18] at 2 ("[N]o Bunzl entity is a citizen of the Commonwealth of Kentucky."); Walmart Response [DN 23] at 2 ("There is no dispute that the requirements for diversity jurisdiction are met.") At the April 14, 2025, Rule 16 case management conference, *see* [DN 22], the Court again confirmed that disclosures are complete, and diversity exists.

After briefing concluded, the Sixth Circuit settled the question when it decided to retain jurisdiction over parties that failed to fully comply with Rule 7.1 once the court was "assured

that complete diversity exists." *See US Framing Int'l LLC v. Cont'l Bldg. Co.*, No. 23-6001, 2025 U.S. App. LEXIS 8083, at *6 (6th Cir. Apr. 7, 2025). There is no distinguishable reason to depart from this decision.

## RECOMMENDATION

The parties, having provided assurance that complete diversity exists, and for the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Motion for Extension, [DN 14], be **GRANTED** and the Motion to Remand, [DN 17], be **DENIED**.

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

April 23, 2025

Lanny King, Magistrate Judge
United States District Court

C. Counsel